UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CT-3213-BO

GREGORY H. JONES,                     )
          Plaintiff,                  )
                                      )
          v.                          )          O R D E R
                                      )
ROBERT MCKAY, et al.,                 )
          Defendants.                 )

Gregory H. Jones, an inmate within the custody of North Carolina, filed this 42 U.S.C. §

1983 action. Jones alleges that he is being denied parole without being given any reason for the

denial. Compl., at 4 ("When I was denied parole for 3 years in 2012, they didn't even other to

quote a criteria. They gave no reason at all."). Defendants have filed a motion to dismiss to

which plaintiff responded. Mot. to Dismiss, D.E. 10; Res., D.E. 15. In this posture, the matter

is ripe for determination.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure for failure to state a claim upon which relief can be granted, a court must determine

whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft

v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v.

Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th

Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A

court need not accept a complaint's legal conclusions, elements of a cause of action, and bare

assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet

Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a

court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. In addition to the complaint, the court may consider documents integral to and explicitly relied on in the complaint if the plaintiff does not challenge their authenticity. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir.2004). The court may also take judicial notice of matters of public record. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

As for plaintiff's claims arising from the denial of his parole, "[t]here is no constitutional or inherent right of a convicted person to be [paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Even if a parole statute creates a liberty interest, an inmate is entitled to only "minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). The Fourth Circuit has held it is sufficient for the parole authorities to furnish the prisoner with a statement of reasons for the denial of parole. Id.; see also Wilson v. Mann, 5:08-CT-3053-BO, dismissed Aug. 25, 2009, appealed and affirmed in an unpublished opinion by the Fourth Circuit, Jan. 21, 2010. A federal court must not involve itself in "the merits of either the state's parole statute or its individual parole decisions." Id.

Defendants base their motion on the fact that plaintiff has been furnished with a statement of reasons for the denial of parole. Mem in Supp. at 5. However, they do not support this argument with any evidence. See Docket. Plaintiff argues that he has not been given any reasons for the denial of his parole on multiple occasions. He states in both the complaint and the response to the motion that the parole board does not provide him with a statement of the reasons. Defendants' motion to dismiss is DENIED.

2

The motion for a more definite statement is DENIED as MOOT in that it is actually just a request for an explanation of defendants' citation "D.E. 1 at 3-4." "D.E. 1" is a reference to this case's docket sheet and docket entry 1, plaintiff's complaint, at pages 3 and 4. It is not a reference to exhibit not provided to plaintiff. The Clerk is directed to provide plaintiff with his current docket sheet.

Accordingly, defendants' motion to dismiss is DENIED. Mot., D.E. 10. The motion for a more definite statement is DENIED as MOOT. Mot., D.E. 14. The Clerk is directed to provide plaintiff with a copy his current docket sheet. The Clerk is DIRECTED to enter a scheduling order.

SO ORDERED, this the **24** day of June 2014.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3